

NOV 2 4 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES

v.                                            Criminal No. 3:07cr418

ERNEST CARL DARCUS, JR.,

       Defendant.

### MEMORANDUM OPINION

This matter is before the Court on the MOTION TO WITHDRAW PLEA OF GUILTY (Docket No. 81) filed by Ernest Carl Darcus, Jr. For the reasons set forth below, the motion is denied.

### BACKGROUND

On August 26, 2007, two officers, Officers Riopedre and Mitchell, saw the Defendant, Ernest Carl Darcus, Jr., near a silver GMC Yukon at a Super Eight Motel. The officers saw Darcus as they entered the motel parking lot. When Darcus saw the police car, he quickly began to walk away from the Yukon toward the edge of the motel parking lot. After speaking with Darcus, the officers learned that there was an outstanding warrant for his arrest. However, before the officers could effectuate an arrest, Darcus fled. After a short pursuit, he was taken into custody in response to the arrest warrant.

Before placing Darcus into the patrol car, Officer Riopedre patted him down and recovered the keys to the Yukon. After Darcus was seated in the rear of the patrol car, Officer Riopedre entered the driver's compartment of the Yukon to check for weapons or valuables because Darcus was under arrest and being taken to the county jail and the vehicle was to be left legally parked, but unattended, in the motel parking lot. Officer Riopedre did a sweep for weapons and items of value, looked in the center console, where he saw several cell phones, and exited the vehicle. Officer Riopedre then opened, and looked into the rear cargo compartment where he observed, but did not open, a duffle bag. At the time that he entered the Yukon, Officer Riopedre did not know that the vehicle, the keys to which were in Darcus' possession, was registered to Darcus. The police removed nothing from the vehicle, or the bag.

On route to the Henrico County Sheriff's Office, the officers learned that the outstanding arrest warrant was for Darcus' failure to appear on narcotics charges, and that Darcus had a history of drug arrests. The officers ran a records check which revealed that the Yukon was registered to Darcus. Once Darcus was brought to the Sheriff's Office, a third officer, Officer Crowder, went to the Super Eight Motel with a drug dog,

2

which alerted when it was walked around the exterior of the Yukon.

Based on the canine alert and the information about Darcus' arrest warrant and history,[1] the officers obtained a search warrant for the vehicle and recovered a backpack containing cocaine hydrochloride and cocaine base, as well as a digital scale and papers. Darcus' fingerprints were recovered from the backpack.

On November 6, 2007, Darcus was charged with Possession With Intent to Distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). On October 1, 2008 Darcus filed a Motion to Suppress, which was heard and denied. (Docket No. 21.) On February 3, 2009, Darcus filed a second Motion to Suppress, which was also denied. (Docket No. 63.) When the Court ruled on the Motions to Suppress, it relied on the holdings of New York v. Belton, 453 U.S. 454 (1981), and Thornton v. United States, 541 U.S. 615 (2004). Those decisions stand for the proposition that, when an occupant of a vehicle is lawfully arrested, an officer can, contemporaneously with the arrest, search the passenger compartment of the automobile and any containers found therein. See New York v. Belton, 453 U.S. 454, 460 (1981); Thornton v.

---

[1]Nothing from Officer Riopedre's check of the vehicle for weapons or valuables was used to obtain the warrant.

United States, 541 U.S. 615, 617 (2004). Having reached that conclusion, there was no need to consider whether the search was otherwise lawful.

A jury trial was scheduled for March 4, 2009, but, on the eve of trial, Darcus advised that he wanted to enter a guilty plea. On March 3, 2009, a plea colloquy under FED. R. CRIM. P. 11 was considered by District Judge Henry Hudson, in which Judge Hudson accepted Darcus' guilty plea.[2] A plea agreement and statement of facts were filed with the Court. (Docket Nos. 65, 66.)

Between the time of Darcus' plea and the sentencing, the Supreme Court issued its ruling in Arizona v. Gant, 129 S.Ct. 1710 (2009), which narrowed the law on which the Court had relied in denying the motions to suppress. In Gant, the Supreme Court held that Belton does not authorize a vehicle search incident to arrest when the arrestee has been secured and can no longer access the interior of the vehicle, unless it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle. 129 S.Ct. 1710, 1714 (2009). Subsequently, on September 2, 2009, Darcus filed this Motion to Withdraw Plea of Guilty. In addition, Darcus requested that the

---

[2] The presiding judge was presiding, at the time, over another trial.

4

Court   reconsider   its   previous   rulings   on   the   motions   to
suppress.

**DISCUSSION**

## I.  Factors Affecting Withdrawal of a Guilty Plea

Withdrawal of a guilty plea is not a matter of right.
United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).
After entering a plea of guilty, a defendant may withdraw that
plea only if he demonstrates a "fair and just reason" for
withdrawal.  FED. R. CRIM. P. 11(d)(2)(B).   The Fourth Circuit
has   set   forth   six   non-exclusive   factors   to   guide   the
determination whether a defendant has met that burden. See
Moore, 931 F.2d at 248.   Under Moore the district court should
consider

> (1) whether Darcus has offered credible evidence that
> his plea was not knowing or not voluntary, (2) whether
> Darcus has credibly asserted his legal innocence, (3)
> whether there has been a delay between the entering of
> the plea and the filing of the motion, (4) whether
> defendant   has   had   close   assistance   of   competent
> counsel, (5) whether withdrawal will cause prejudice to
> the government, and (6) whether it will inconvenience
> the court and waste judicial resources.

Id.  A Rule 11 colloquy weighs heavily against granting a motion
to withdraw a guilty plea. See United States v. Faris, 388 F.3d
452, 456 (4th Cir. 2004).   The Moore factors are not exclusive,
and a district court should balance the factors with any other
pertinent considerations to reach its decision when the defendant

5

has shown a fair and just reason for withdrawal of a guilty plea. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009).

Darcus does not seriously assert that the Moore factors weigh in favor of allowing him to withdraw his guilty plea. Instead, Darcus argues that the change in the law relied upon in denying the motions to suppress the yield of the search of the Yukon warrants granting the Motion to Withdraw Plea of Guilty. For the reasons set forth below, that argument, when assessed both independently and as it relates to the Moore factors, fails to establish a fair and just reason for withdrawal of the guilty plea.

## A. The Knowing and Voluntary Entry of the Plea

Before accepting a guilty plea, the presiding court "must inform Darcus of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights" as set forth by FED. R. CRIM. P. 11(c)(1). United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "[A]n appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). Furthermore, statements made by a defendant during the course of the Rule 11

6

proceeding are presumed to be true. See id. at 1308. Darcus
does not contend that Judge Hudson failed to satisfy Rule 11 in
accepting Darcus' guilty plea.

Moreover, a "knowing and voluntary guilty plea constitutes
an admission of the material elements of the crime and waives
non-jurisdictional errors, including claims of unlawful search
and seizure based on the Fourth Amendment." United States v.
Aubin, 57 Fed. Appx. 842, 842 (4th Cir. 2003) (citing Tollett v.
Henderson, 411 U.S. 258, 267 (1973)). Because the record shows
that the guilty plea was knowingly and voluntarily entered,
Darcus waived any claims of unlawful search or seizure.

Thus, as to the first Moore factor, the record weighs
against allowing Darcus to withdraw his guilty plea. It also
creates a strong presumption that the plea of guilty is final
and binding.

## B. Credible Assertion of Innocence

The second Moore factor requires an assessment whether the
defendant, in seeking to withdraw his plea, credibly has
asserted his innocence of the charges. See 931 F.2d at 248. The
statements made by the defendant during the plea hearing may be
accorded "strong weight" in determining whether his assertion of
innocence is credible. See Faris, 388 F.3d at 458. The
presiding court should consider both the legal impact and

7

credibility of the factual assertions made by Darcus. See United States v. Sparks, 67 F.3d 1145, 1151 (4th Cir. 1995).   Darcus has made no showing of substantive innocence.

More importantly for today's case, a change in search and seizure law does not result in a credible assertion of innocence.   In United States v. Monroe[3] and United States v. Mays,[4] the defendants moved to withdraw their guilty pleas based on the ruling in Gant.[5]   When analyzing the second Moore factor, the court, in Monroe, characterized the defendant's claim as one "that the law regarding the legality of the search has been clarified or changed, not that he is innocent of the underlying charges."   Monroe, 2009 WL 1749374, at * 2.   Similarly, in Mays, the court noted that "the Defendant does not assert that he is innocent of the crime" but rather seeks withdrawal solely "so that he can take advantage of a possible change in the law

---

[3] 2009 WL 1749374 (S.D.W.V. June 18, 2009).

[4] 2009 WL 536912 (E.D. Wis. March 3, 2009).

[5] As Darcus notes, this case is factually distinct from Monroe and Mays.   In Monroe, the defendant had not moved to suppress the evidence against him but noted that "he may have filed a motion to suppress" based on Gant.   2009 WL 1749374, at *2.   In Mays, the defendant filed a motion to withdraw his guilty plea when Gant was still pending.   2009 WL 536912, at *2.   Here, Darcus did file a motion to suppress before  filing this motion and filed this motion after Gant had been decided.   See Def. Reply at  2-3.   Notwithstanding those factual distinctions, the reasoning of Monroe and Mays is still persuasive here.

8

governing the actions of law enforcement." <u>Mays</u>, 2009 WL 536912, at * 2. Those decisions are soundly reasoned.

Here, Darcus' position is that there has been a change in the law of search and seizure, not that he is substantively innocent of the charged offense. In fact, Darcus correctly concedes that, as a result of the plea hearing and executed statement of facts, it would be difficult for him to assert his legal innocence. Therefore, this factor weighs strongly against allowing Darcus to withdraw his guilty plea.

### C. Delay

The third <u>Moore</u> factor asks whether there was a delay between the entering of the plea and the filing of the motion to withdraw it. <u>See</u> 931 F.2d at 248. The Fourth Circuit, in <u>Moore</u>, stated that a period of six weeks was sufficient to constitute a "long delay[]." <u>Id.</u>

Here, the Motion to Withdraw Plea of Guilty was filed on September 2, 2009, nearly six months after Darcus entered his guilty plea. Under <u>Moore</u>, this constitutes a long delay. However, Darcus asserts that the Motion to Withdraw Guilty Plea was timely filed based on the publication of the ruling in <u>Arizona v. Gant</u>. <u>Gant</u>, however, was decided on April 21, 2009. The Motion to Withdraw Guilty Plea was filed more than four months after the decision in <u>Gant</u>. Given the uncertainty in how

9

Gant might apply generally, this factor is neutral and does not weigh either in favor of granting or dismissing the motion.

### D. Assistance of Competent Counsel

The fourth Moore factor asks whether the "defendant has had close assistance of competent counsel." 931 F.2d at 248. "A change in the law subsequent to the entry of a guilty plea is not, in and of itself, a ground for its withdrawal, where the plea is knowingly entered on the advice of counsel." United States v. Vallejo, 476 F.2d 667, 670 (3rd Cir. 1972); see also McMann v. Richardson, 397 U.S. 759, 774 (1970) ("Although [the defendant] might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act.").

A defendant who claims that he has not received the benefit of advice from competent counsel must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that, "but for counsel's errors, the defendant would not have pled guilty and would instead have insisted on proceeding to trial." Faris, 388 F.3d at 459. Therefore, by necessity, in order for this factor to weigh in

10

favor of Darcus, his counsel must have made some error. See id.; see also Sparks, 67 F.3d at 1153.

At the time of the Rule 11 hearing, Darcus represented to Judge Hudson that he was satisfied with the assistance of counsel. (Tr. at 4.) However, on September 2, 2009, defense counsel filed a Motion to Withdraw pursuant to Darcus' instructions. However, Darcus offered no evidence that his counsel's performance fell below an objective standard of reasonableness or that his counsel made any error that resulted in his plea of guilty. Moreover, when queried by the Court on this question, Darcus made no showing of ineffective assistance, and the Court finds that Darcus has been represented seriatim by two competent lawyers. Thus, this factor weighs against allowing Darcus to withdraw his guilty plea.

### E. Prejudice

The fifth Moore factor is whether the Government will be prejudiced if the defendant's plea is withdrawn. See 931 F.2d at 248. The costs of putting on a trial do not represent prejudice to the government; instead, the government must demonstrate specific costs resulting from the entry and later withdrawal of the plea. See Faris, 388 F.3d at 459-60.

Darcus argues that a withdrawal of his guilty plea will not prejudice the government because he "only seeks a review of

11

facts and conclusions of law already contained in the record." (Def. Mot. at 4.) The government has not argued that it would be prejudiced, nor is any prejudice apparent from the record. Therefore, this factor weighs in favor of allowing Darcus to withdraw his guilty plea.

### F. Waste of Judicial Resources

The final <u>Moore</u> factor requires the court to determine whether allowing the plea to be withdrawn will inconvenience the court and cause a waste of judicial resources. <u>See</u> 931 F.2d at 248. In analyzing this factor, the court should not consider "routine requirements that arise in most criminal cases." <u>Faris</u>, 388 F.3d at 460. It is appropriate to consider whether Darcus has a "legitimate interest in withdrawing his guilty plea to test the possibility of acquittal at trial." <u>Id.</u>

Darcus correctly argues that a review of an important constitutional issue "should not be considered a waste of judicial resources." (Def. Mot. at 4.) Further, if the Motion to Suppress was granted under <u>Gant</u>, Darcus could arguably test the possibility of acquittal at trial. However, as explained in Section II below, another motion to suppress would not be granted. Furthermore, any argument that Darcus could test the possibility of an acquittal is greatly weakened by the fact that he has agreed to the statement of facts which convincingly

establishes his guilt.   Thus, on balance, this factor does not
weigh in favor of withdrawal.

G.   **Independent Assessment of the Gant Issue**

Darcus argues that, wholly apart from the Moore factors,
the decision in Gant provides a basis on which he should be
permitted to withdraw his guilty plea.   Generally, courts have
held that the decision in Gant does not provide a fair and just
reason for withdrawal of a guilty plea.   See Monroe, 2009 WL
1749374, at *2 ("[T]he Supreme Court's decision in Gant has not
been held to constitute 'a fair and just reasons for requesting
the withdrawal' of a guilty plea."); Mays, 2009 WL 536912, at *
2 ("In this Court's view, [Gant] does not constitute a fair and
just reason to withdraw the plea.").   Rather, Gant may only
provide a fair and just reason where the Government concedes
that it does, or the guilty plea was conditional.   See United
States v. Megginson, 2009 WL 2461856 (4th Cir. Aug. 12, 2009)
(allowing the suppression of evidence based on the retroactive
application of Gant when Darcus entered a conditional plea);
United States v. Williams, 2009 WL 1607624, at *1 (E.D. Mich.
June 2, 2009) (allowing withdrawal when the Government conceded
that it was fair and just).

Darcus' plea of guilty was not conditioned on his ability
to challenge the denial of his motions to suppress.   Nor has the

13

government conceded that Darcus should be allowed to withdraw his guilty plea. As a result, Darcus' argument that the change in law alone should allow him to withdraw his guilty plea does weigh in favor of withdrawal.

### H. Balance of Factors

On balance, Darcus has not shown that the change in the law under Gant provides a "fair and just" reason for withdrawal of his guilty plea. Darcus has not argued that the Rule 11 hearing was improperly conducted. An independent review of the record confirms that the Rule 11 colloquy was properly conducted. This creates a strong presumption that the plea is final and binding. Finally, because of the plea agreement and statement of facts, Darcus cannot make a credible assertion of innocence. Furthermore, the case law pertinent to this issue supports the conclusion that a change in search and seizure law generally does not provide a fair and just reason for Darcus to withdraw his guilty plea. Based on Darcus' argument and the Moore factors, the Motion to Withdraw Plea of Guilty will be denied.

### II. Applicability of Gant

Even if the Court granted Darcus's Motion to Withdraw Guilty Plea, another motion to suppress would not be granted. Under Gant:

> Police may search a vehicle incident to a recent
> occupant's arrest only if the arrestee is within

14

> reaching distance of the passenger compartment at the
> time of the search or it is reasonable to believe the
> vehicle contains evidence of the offense of arrest.
> When these justifications are absent, a search of an
> arrestee's vehicle will be unreasonable unless police
> obtain a warrant or show that another exception to the
> warrant requirement applies.

129 S. Ct. at 1723-24 (emphasis added).

"Inventory searches constitute a well-established exception to the warrant requirement of the fourth amendment." Colorado v. Bertine, 479 U.S. 367, 371 (1987); U.S. v. Brown, 787 F.2d 929, 931 (4th Cir. 1986). If a vehicle is in the lawful custody of law enforcement, police may inventory a vehicle if the inventory is "routine and conducted pursuant to standard police procedures, so long as the purpose of the inventory is to secure the car or its contents and not to gather incriminating evidence against the owner." Brown, 787 F.2d at 932. A proper inventory search serves to protect the owner's property, protect the police against claims or disputes over lost or stolen property, and protect the public and the police from potential danger. South Dakota v. Opperman, 428 U.S. 364, 369 (1976).

While inventory searches usually occur when a vehicle is impounded, such searches have been upheld when the vehicle is left at the scene. See e.g. United States v. Spencer, 884 F.2d 360 (8th Cir. 1989) (holding that officers conducted a valid inventory search when, after the defendant's arrest, they

15

removed items from the defendant's legally parked vehicle because the door could not be locked); United States v. Scott, 665 F.2d 874 (9th Cir. 1981) (upholding inventory search when the defendant opted to leave his car legally parked at the scene); United States v. Prazak, 500 F.2d 1216 (9th Cir. 1974) (holding that an officer acted reasonably when, after being asked by the defendant to park and secure the car, the officer moved a sport coat from the backseat to the trunk, where the officer found a zip gun). Thus, when a vehicle is left legally parked at the scene, it is appropriate for the officer to take reasonable steps to secure the vehicle and its contents." 3 Wayne R. LaFave, Search and Seizure § 7.4(b) (4th ed. 2004). Like a traditional inventory search, those steps must be taken pursuant to standard procedure and with the intent to secure the car and its contents. See Scott, 665 F.2d at 876-77.

A fresh look at the record discloses that no constitutional violation occurred. As part of the hearing on the Motion to Withdraw Guilty Plea, the Court received the testimony of Officer Philip Johnakin. He testified to facts that make applicable the inventory exception to the warrant requirement.

The conduct of which Darcus complains is that of Officer Riopedre in entering the Yukon before a warrant was obtained. Officer Johnakin explained that, according to Henrico County

16

policy, a brief inventory of a car must be conducted if the car is legally parked and its driver is arrested, thereby leaving the car unattended, perhaps for a considerable time span. The purpose of this inventory is to check for the existence of readily accessible items of value that could be stolen and for items, such as weapons, that present a danger to the public in the event that the vehicle is broken into while the driver is under arrest. The record shows that Officer Riopedre acted pursuant to standard procedures and for the purpose of securing the vehicle, not gathering incriminating evidence.

Under these principles, Officer Riopedre did not offend the rule of Gant when he surveyed the Yukon for valuables and the like because he entered the vehicle under a well-recognized exception to the warrant requirement which, of course, is permitted by Gant. Perhaps more important for the issue presented by Darcus, nothing found by Officer Riopedre is being offered into evidence against Darcus and nothing found during the survey was used to secure the subsequent warrant. Hence, there is nothing to consider as a candidate for exlusion from evidence.

The Yukon, of course, was searched pursuant to a search warrant that was issued after the drug dog alerted when on patrol around the exterior of the car. For all that appears on

17

the record, there was probable cause to support issuance of the warrant. And, for that matter, Darcus has never challenged the validity of the warrant. It was the search pursuant to the warrant that yielded the incriminating evidence.

For the foregoing reasons, another motion to suppress would not be granted.

### CONCLUSION

For the foregoing reasons, Darcus' MOTION TO WITHDRAW PLEA OF GUILTY (Docket No. 81) is denied.

_____  /s/        REP

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: November 24, 2009