IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:07cr418

ERNEST CARL DARCUS, JR.

MEMORANDUM OPINION

Ernest Carl Darcus, Jr., a federal prisoner proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 133). By Memorandum Opinion and Order entered November 12, 2015, the Court denied Darcus's § 2255 Motion. See United States v. Darcus, No. 3:07CR418, 2015 WL 7016344, at *12 (E.D. Va. Nov. 12, 2015). On December 8, 2015, Darcus filed a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 165).[1]

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

---

[1] This is the date Darcus states he placed his Rule 59(e) Motion in the prison mailing system (Rule 59(e) Mot. 16), and the Court deems this the filed date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Darcus apparently relies on the first ground for relief, arguing that the Supreme Court's decision in Rodriguez v. United States, 135 S. Ct. 1609 (2015), warrants reconsideration of the denial of his § 2255 Motion. (Rule 59(e) Mot. 1.) In Rodriguez, the Supreme Court considered "whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop." Id. at 1612. The Court held "that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." Id.

Rodriguez is inapposite to Darcus's case. "A traffic stop, by definition, embodies a detention of a vehicle and its occupants." United States v. Chhien, 266 F.3d 1, 5 (1st Cir. 2001) (citing Delaware v. Prouse, 440 U.S. 648, 653 (1979)). Here, Darcus argued for suppression of the evidence because "officers had seized him without reasonable suspicion when he was in front of the hotel where his vehicle, a Yukon, was parked." Darcus, 2015 WL 7016344, at *2 (citation omitted).

2

Officers detained Darcus, not his vehicle.[2] Accordingly, Darcus fails to demonstrate that an intervening change in the law entitles him to relief under Rule 59(e).

Moreover, a review of Darcus's motion and the accompanying evidence demonstrates that Darcus is clearly attempting to rehash the arguments previously considered and rejected by the Court. Rule 59(e) may not be used for such purpose. Hutchinson, 994 F.2d at 1082. In sum, Darcus fails to demonstrate an intervening change in controlling law or any other basis for granting relief under Rule 59(e). Accordingly, Darcus's Rule 59(e) Motion (ECF No. 165) will be denied. The Court will deny a certificate of appealability.

Darcus, apparently unhappy with the Court's denial of his § 2255 Motion, and the fact of his conviction generally, has filed a motion for recusal of the undersigned ("Motion for Recusal," ECF No. 163). Darcus claims that "the personal actions and reasoning of the [undersigned] during the plea negotiation stage ha[ve] crossed the line of permissibility in a plea process and ha[ve] show[n] a personal input and bias[ed] action against the petitioner." (Id. at 2.) Darcus vaguely claims that the undersigned also "dictated and controlled the terms of the plea" (id. at 4), and "negotiated in the plea

---

[2] Darcus had been "a recent occupant of the Yukon as he possessed keys fitting the Yukon and was in close spatial and temporal proximity to the Yukon at the time of his arrest." Darcus, 2015 WL 7016344, at *3.

process" (id. at 5). Specifically, Darcus refers to the following statement made by the undersigned during a conference call: "My view is that if he's going to plead, I want to get him to plead now, today . . . ." (Mar. 3, 2009 Tr. 4; see also ECF No. 163, at 2.) Finally, Darcus contends in his "Affidavit" that the Court erred by denying his § 2255 Motion. (ECF No. 164, at 2.)

The bar for recusal is high, as "courts have only granted recusal motions in cases involving particularly egregious conduct." Belue v. Leventhal, 640 F.3d 567, 573 (4th Cir. 2011). Contrary to Darcus's belief, an unfavorable ruling fails to constitute a valid basis for a judicial bias claim. See United States v. Williamson, 213 F. App'x 235, 237-38 (4th Cir. 2007) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). The Court harbors no bias against Darcus, and Darcus has not demonstrated any circumstance where the impartiality of the undersigned might be reasonably questioned. See 28 U.S.C. §§ 144,[3] 455.[4] Moreover, the Court's remark during the March 3,

---

[3] The statute provides, in relevant part:

> Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice

4

2009 conference call expressing a preference that Darcus plead that same day does not show the "deep-seated favoritism or antagonism that would make fair judgment impossible," and therefore does not warrant recusal. Liteky, 510 U.S. at 555. Accordingly, Darcus's Motion for Recusal (ECF No. 163) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Darcus and counsel of record.

It is so ORDERED.

/s/ REP

Date: March 21, 2016
Richmond, Virginia

Robert E. Payne
Senior United States District Judge

---

exists . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[4] The statute provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.